The 6th case of the day, the United States v. Mullins. Mr. Gaziano. May it please the court, Paul Gaziano, Federal Defender Program, appearing on behalf of Kenneth Mullins. Mr. Mullins has been convicted pursuant to a conditional plea of guilty, which allows him to challenge the denial of a motion to suppress physical evidence, the evidence being the items which led to his conviction. In challenging the admission of that evidence, Mr. Mullins filed a motion to suppress evidence. There were two memorandums filed by Mr. Mullins after the filing of that motion. The government, after the filing of the motion, alerted counsel in this case and in a co-defendant's case. I received the alert through an email regarding the fact that certain matters related in the affidavit were not as related in the affidavit. That caused us to look at the affidavit again, and we challenged the affidavit on three basics. One, the admitted statement by the government that was false. Two, that a report prepared by the affiant subsequent to the submission of the affidavit contradicted the affidavit. And third, the statement that he, the affiant, had reviewed police reports which were nonexistent at the time he submitted the affidavit. I think the critical issue, Your Honor, is the fact that in the police report, the affiant says he was conducting surveillance or attempting to conduct surveillance of a residence and a car. The residence belonging to my client and the car being driven by an individual named T, who is Mr. Washington, the co-defendant. A reading of the affidavit in support of the search warrant, which was incorporated fully in the court's findings, shows that the affiant said he was, at the time in issue, apparently handling or attending to the confidential informant. If he was following the confidential informant, if he was arranging the transaction with the confidential informant, if he obtained the substance in question from the confidential informant, then his statement that he had his attempt to surveil Washington is incorrect and false. We believe that based upon that showing, the district court should have granted a Franks hearing, an evidentiary hearing, to establish whether or not there was a false statement, or a statement made with reckless disregard of the truth, contained in the affidavit, which is addressed and was necessary to the finding of probable cause. I believe that the evidence merited that, not the evidence, the arguments merited the granting of that motion, that that motion should have been conducted, that hearing should have been conducted, and then we would have an answer to that. You also have to show to get a Franks hearing that there's been a deliberate or reckless disregard for the truth. Upon what evidence would you rely to fulfill that criteria? Two pieces of evidence, if I might. One, the admitted statement by the government that the manner in which the transaction was arranged was not as stated in the affidavit. Two, the contradictory statement between the police report and the affidavit. In the affidavit, Boomer, the affiant, Deputy Boomer, states, I was with the confidential informant. A clear reading indicates that he was maintaining surveillance of the confidential informant. The police report, which he subsequently prepared, states, I was surveying the third party, the Washington. Well, you can't do both. And one of the two statements is false and has a direct meaning on probable cause. You're not challenging any other information as being inaccurate in the affidavit, are you? Well, that he relied on police reports that were not yet prepared. In other words, he told the issuing judge, the warrant issuing judge, the state court judge, I've relied on police reports. Well, that's not material. I mean, that's the boilerplate that opens every single search warrant application. I relied on everything in the record, basically, and then they give a laundry list of things. So it can't possibly be a material misrepresentation. In a totality, I agree with what you just said, Your Honor, but the question was, is there anything more that I would point to? And yes. One, the false statement regarding the confidential informant, how the transaction occurred. Two, the contradictory statements regarding where the affiant was or what his activities were. And three, that there were no police reports. So it's our position that Mr. Mullins was entitled to a Franks hearing and that this matter should be vacated and remanded to the district court with further proceedings. Thank you, Your Honor. Mr. Paganini, you're going to help. Thank you, Your Honor. Paganini. Let's have it again. Paganini. Paganini, I've got it. We'll get it the next time. May it please the court, my name is Scott Paganini and I represent the United States of America. Your Honor, the district court correctly found not material, the inaccurate information contained in the affidavit. Because that information did not change the state court's determination of probable cause. Whether or not, with regard to the arguments that were raised by the defendants at the district court level, the district court judge identified those arguments with disclosure after we disclosed the information regarding the third party. And the district court went through and under Franks determined that the information regarding the reports was not material and that the information regarding the third party who set up the transaction was not material. So it is our position that the district court should be affirmed because that information is not material and does not change the determination of probable cause. With regard to the inconsistencies, Your Honor, that's not correct. First of all, it was not raised at the district court. The factual scenario that is the defendant raised on appeal was not raised before the district court. Before the district court, the defendant argued that Deputy Boomer's surveillance was contradicted by Deputy Kaiser's surveillance. And the judge then, going through that, determined that there was no inaccuracies there. They weren't contradictory. Now on appeal, the defendant is arguing, well, it's actually Deputy Boomer's affidavit is inconsistent or contradictory with his report. Now, in Document 69, the defendant laid out, in Record 69, the defendant laid out the report he's referring to. And in that report on May 13th of 2014, at 10 p.m., Deputy Boomer went and did surveillance of T at 3902 15th Avenue. And at that point, he followed T to the Cadillac Escalade. T then left the area and he lost track of him. Well, what the defendant has not identified at this point is, as stated in the affidavit, after the controlled delivery, he went back to the county, this is Deputy Boomer, put the drugs into evidence, and then issued a report subsequent to the affidavit, but it issued a report saying, I put the drugs into evidence, and that was at 930 p.m. And so a half hour later, after the controlled delivery, he then went and did surveillance. Now, what we're talking about between where the county is and where Broadway and Alpine is, is a matter of 10 minutes at best, 11, 12 minutes, especially at that time of night. So those are not inconsistent. There's no contradictory there. This is not a situation where Deputy Boomer was doing surveillance and then also was supposed to be on the C.I. because with the C.I. and the transaction happened first, the controlled buy happened, and then after the controlled buy, after the drugs were put into evidence, then there was surveillance. So for those reasons, Your Honors, unless the Court has any questions, I would ask that this Court affirm the district court's denial of the defendant's request for a Frank's hearing. Thank you, Mr. McInerney. Mr. Gaziano? Four minutes. May it please the Court, I just have less than a minute of rebuttal. The explanation the government went through just now should have been done at a Frank's hearing. There's nowhere in the record, in response to our memorandum, that there's any discussion about what Boomer's activities were as far as time, what he was doing, as the government just alluded to. We showed that there was a contradictory statement regarding the surveillance of Mr. Washington. We showed that there was a question regarding Boomer's activities that called into question the propriety of the affidavit, because if Boomer is following Washington or attempting to follow him, then nobody's got control over the CI, and then we don't know where this alleged substance, which is the nexus to my client's residence, this is Mullen's residence of which we speak, the Court found that that controlled substance, that controlled transaction, was the nexus to the... The affidavit did say that there were three officers working the controlled by, right? Boomer, Kaiser, and Jurassic, I think, or Jurassic? Jurassic. And so it's reasonable to infer that one of them was on the CI and one was on T, right? It would be reasonable, but that's not what the affidavit and the contradictory statements say. Right, but I think the point is that it doesn't destroy probable cause, even if it had been correct. It doesn't destroy probable cause. If it had just said, we did a controlled by, and the CI purchased marijuana from T, without all of the detail, then there'd still be probable cause to support the issuance of the search warrant, right? I don't know that, Your Honor, because... You don't need to put all that detail in for a judge to sign a search warrant. I understand the threshold of a probable cause, Your Honor, but where did the controlled substance come from? What's the nexus? We have an unknown individual. We have two unknown individuals. A confidential informant that we don't know anything about. We have a third party who actually arranged the transaction, who we don't know anything about, who the government doesn't even know anything about, assuming Boomer is truthful in his last statement to the courts. And then we have what appears to be an unobserved controlled transaction. If Boomer can't follow Washington and be controlling the confidential informant, I believe that this is a factual mess that should have been resolved at a Franks hearing, that Mr. Mullins was entitled to and had established that was enough to go proceed with the Franks hearing. Thank you. Thank you, Mr. Chairman. Our thanks to all counsel. The case is taken under advisement and the court will stand in recess. Thank you.